1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Kellie Smith

                Plaintiff,

      v.

Bay Area Rapid Transit District,
                Defendant. et al.,

No. C 15 - 2402 TEH

ORDER FOR PRETRIAL
PREPARATION

Good cause appearing, IT IS HEREBY ORDERED that:

1.    **TRIAL DATE.** Trial before the COURT/JURY will begin in Courtroom No. 2 on
SEPT. 13, 2016    at 9:00 AM. If the Court advises counsel that they must be
prepared to go to trial on a trailing basis, then the trial will begin as soon after the scheduled
date as possible. The trial shall last for an estimated  8  trial days. The trial of liability
and damages issues SHALL/SHALL NOT be separate.

2.    **PRETRIAL CONFERENCE.** The Court will hold a pretrial conference on Monday,
August 22, 2016, at 3:00 PM. **Counsel who intend to try the case must attend the
pretrial conference.**

3.    **DISCOVERY.**

    **(a) Discovery Cutoff.** All discovery, except for depositions of expert witnesses,
shall be **completed** on or before MAY 30, 2016 . All depositions of expert
witnesses shall be completed no later than 7 calendar days before the pretrial conference.

TEH Order for Pretrial Preparation (Civil)

(Rev. 05/14)

**United States District Court**
Northern District of California

1    **(b) Disclosures Regarding Expert Witnesses.**  Plaintiffs shall comply with Federal

2    Rule of Civil Procedure 26(a)(2)(A) (i.e., disclose the identity of any person who may be

3    used at trial to present expert testimony) no later than _45_ calendar days before the pretrial

4    conference.   Defendants shall disclose the identity of their expert witnesses no later than

5    _30_ calendar days before the pretrial conference.  The parties shall comply with the written

6    report requirements of Federal Rule of Civil Procedure 26(a)(2)(B) within 14 calendar days

7    of disclosing the identity of their experts.  Failure to comply with these deadlines will prevent

8    a witness from testifying as an expert.

9

10   **(c) Discovery Disputes.**  Unless otherwise ordered by the Court, all discovery matters

11   are hereby referred for assignment to a magistrate judge.  Please call the Courtroom Deputy

12   at (415) 522-2047 to obtain a random assignment to a specific Magistrate Judge before filing

13   any papers relating to discovery.

14

15   **4.      PRETRIAL MOTIONS (EXCEPT MOTIONS IN LIMINE).**

16        The parties should file pretrial motions to resolve any purely legal substantive issues.

17   Such issues may **not** be resolved by motions in limine (see page 6, paragraph 6(a)).  **Any**

18   **party that attempts to resolve a purely legal substantive issue by a motion in limine, or**

19   **by any motion filed after the deadline below, may expect the imposition of substantial**

20   **sanctions for failure to comply with this order.**

21        All pretrial motions, except motions in limine, shall be heard no later than 45 calendar

22   days before the scheduled trial date.  Accordingly, all such motions must be <u>noticed for</u>

23   <u>hearing</u> no later than Monday, _July 25 2016_.  They must be <u>filed</u> at least 35 days

24   in advance of the hearing date, or no later than Monday, _JUNE 20, 2016_.  Civ.

25   L.R. 7-2(a).

26

27

28

**5.      PRETRIAL CONFERENCE STATEMENT.**

        (a)   **Required Meeting and Disclosure Prior to Pretrial Conference.**  Lead
counsel who will try the case shall meet and confer on or before _July 22, 2016_ (at
least 30 calendar days before the pretrial conference).  At that time, they shall discuss:

                (1)  Prospects for settling the action;

                (2)  The preparation and content of the joint pretrial conference statement;

                (3)  The preparation and exchange of pretrial materials to be served and lodged
with the Court; and

                (4)  Resolution of any differences between the parties regarding items (2) and (3)
above.  To the extent such differences are not resolved, the parties must present the issues in
the joint pretrial conference statement so that the Judge may rule on the disputes at the
pretrial conference.

        Within one week after meeting and conferring, the parties shall file a joint statement,
signed by all counsel, stating that they have met and conferred on the above issues.


        (b)   **Joint Pretrial Conference Statement.**  The parties shall file a joint pretrial
conference statement no later than 10 calendar days before the pretrial conference.  If the
parties disagree over the wording of the statement, each party may state its position in its own
words.  All parties or their counsel must sign the statement.  The statement shall contain the
following information:

                (1)  **The Action.**

                        (A)  **Substance of the Action.**  A brief description of the substance of
claims and defenses that remain to be decided.

                        (B)  **Relief Prayed.**  A detailed statement of the relief claimed,  including
an itemization of all claimed damages, along with a list of witnesses, documents, or other
evidentiary material to be presented on the amount of damages.

<div style="text-align: left; transform: rotate(-90deg);">
**United States District Court**
Northern District of California
</div>

1    (2)   <u>**The Factual Basis of the Action.**</u>

2          **(A)  Undisputed Facts.**  A plain and concise statement of all relevant facts

3    not reasonably disputable.  This should include a statement of facts which the parties

4    stipulate may be incorporated into the trial record without supporting testimony or exhibits.

5          **(B)  Disputed Factual Issues.**  A plain and concise statement of all

6    disputed factual issues that remain to be decided.

7          **(C)  Agreed Statement.**  A statement assessing whether all or part of the

8    action may be presented upon an agreed statement of facts.

9          **(D)  Stipulations.**  A statement of stipulations requested or proposed for

10   pretrial or trial purposes.

11

12   (3)   <u>**Trial Preparation.**</u>

13         **(A)  Estimate of Trial Time.**  An estimate of the number of court days

14   needed for the presentation of each party's case, indicating possible reductions in time

15   through proposed stipulations, agreed statements of facts, or expedited means of presenting

16   testimony and exhibits.

17         **(B)  Witnesses to be Called.**  A list of all witnesses likely to be called at

18   trial, other than solely for impeachment or rebuttal, together with a brief statement following

19   each name describing the substance of the testimony to be given.  Parties must indicate any

20   objections to the use of the listed witnesses and shall certify that counsel have met and

21   conferred regarding such objections.  No party shall be permitted to call any witness in their

22   case in chief that is not disclosed in the pretrial conference statement unless the Court grants

23   leave for good cause shown.

24         **(C)  Use of Discovery Responses.**  A list of evidence that may be presented

25   at trial, other than solely for impeachment or rebuttal, through use of excerpts from

26   depositions, interrogatory answers, or responses to requests for admission.  Parties must

27   indicate any objections to use of these materials and shall certify that counsel have met and

28   conferred regarding such objections.

**(D)  Exhibits, Schedules, and Summaries.**  A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each item describing its substance or purpose and the identity of its sponsoring witness.  The statement shall include a list of all exhibits that the parties agree may be admitted into evidence.  Parties must indicate any objections to the receipt in evidence of the listed exhibits and shall certify that counsel have met and conferred regarding such objections.  No party shall be permitted to introduce any exhibit in their case in chief that is not disclosed in the pretrial conference statement unless the Court grants leave for good cause shown.

**(E)  Further Discovery or Motions.**  A statement of all outstanding discovery or motions, including motions in limine.

**(4)   Trial Alternatives and Options.**

**(A)  Settlement Discussion.**  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

**(B)  Consent to Trial Before a Magistrate Judge.**  A statement explaining whether reference of all or part of the action to a special master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge with appeal directly to the Ninth Circuit.

**(C)  Amendments or Dismissals.**  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

**(D)  Bifurcation of Issues.**  A statement of whether bifurcation (i.e., separate trials) of specific issues is feasible and desired.

**(5)   Miscellaneous.**  Any other subjects relevant to the just, speedy, and inexpensive resolution of this action.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (c) **Pretrial Order**. The Court may, as appropriate, make pretrial orders at or

2   following the pretrial conference. Such orders shall control the subsequent course of the

3   action as provided in Federal Rule of Civil Procedure 16.

4

5   **6.    TRIAL PREPARATION DEADLINES.**

6   (a) **Motions in Limine**. The only appropriate purpose for a motion in limine is to

7   obtain, in advance of trial, an evidentiary ruling on the admissibility of a specific piece of

8   evidence. Unless otherwise allowed by the Court, all motions in limine shall be filed no later

9   than 21 calendar days before the scheduled trial date, and written opposition to such motions

10  shall be filed no later than 14 calendar days before the trial date. **All motions in limine must**

11  **be accompanied by a declaration stating that counsel have met and conferred in good**

12  **faith regarding the motions prior to their filing, and that the parties are unable to**

13  **resolve informally any remaining disputes.**

14

15  (b) **Exhibits**. Two sets of all exhibits to be offered at trial, together with a list of

16  exhibits, shall be lodged with the Court no later than 7 calendar days before the scheduled

17  trial date. Exhibits must be placed in three-ring binders of no more than three inches each

18  and must be pre-marked in accordance with the attached forms.

19

20  (c) **Objections to Evidence**. Counsel shall meet and confer with respect to any

21  evidentiary objections in advance of the pretrial conference. They shall advise the Court at

22  the pretrial conference if any objections contained in their joint pretrial conference statement

23  have been subsequently resolved.

24

25  (d) **Jury Instructions**. If a jury trial has been demanded, the parties shall meet and

26  confer to discuss proposed jury instructions. The Court uses its own set of standard

27  instructions regarding the role of jurors, organization of the jury, communication with the

28  Court, etc., and the parties need not discuss such instructions during their meeting and

conferring. No later than 10 calendar days before the pretrial conference, the parties shall file (a) proposed jury instructions upon which all parties have agreed and (b) jury instructions upon which any other party does not agree. The proposed jury instructions must be accompanied by a declaration stating that the parties have met and conferred in good faith in an attempt to agree upon as many jury instructions as possible. The chambers copies of all proposed jury instructions shall be accompanied by an electronic copy of the instructions in Word or Word Perfect format.

For each disputed instruction, the offering party shall indicate the corresponding instruction(s), if any, being proposed by other parties. The parties shall file written objections to all disputed instructions no later than 7 calendar days before the scheduled trial date.

All proposed jury instructions shall be concise and free from argument; cover only one subject to be indicated in the caption; show the identity of the offering party; be typewritten out in full on a separate page or pages; be consecutively numbered; and set forth specific citations to supporting authority. Case citations must include pinpoint citations to the exact page or pages that support the proposed instruction.

(e) **Voir Dire.** If a jury trial has been demanded, the parties may, at their option, submit proposed questions for voir dire. Any such questions must be filed no later than 10 calendar days before the pretrial conference.

(f) **Special Verdict Forms.** If a jury trial has been demanded, the parties shall meet and confer to discuss any desired special verdict forms. The parties shall follow the procedure outlined in paragraph 6(d) in filing their proposed verdict forms.

7.     **TRANSCRIPTS.** Arrangements must be made with the Courtroom Deputy at least 14 calendar days before the scheduled trial date if the parties desire daily transcripts and/or realtime reporting.

United States District Court
Northern District of California

**8.**      **SETTLEMENT CONFERENCE.**  The parties SHALL/SHALL NOT arrange for a mandatory settlement conference before Magistrate Judge _CORLEY_ of this Court. This conference shall be scheduled to take place no later than 5 calendar days before the pretrial conference.

**9.**      **FURTHER CASE MANAGEMENT CONFERENCE.**  A further case management conference will be held on Monday, _N/A_, at 1:30 PM.

**10.**     **PROCEDURE FOR AMENDING THIS ORDER.**  No provision of this order may be changed except by written order of this Court.  The Court may enter such an order upon its own motion or upon motion of one or more of the parties.  The parties must make any such motion in accordance with the Civil Local Rules and with a demonstration of very good cause.  The mere fact that the parties have stipulated to a change does not constitute good cause, nor does a conflict with a court date set after the date of this order.

**IT IS SO ORDERED.**

Dated:  8/31/2015

                                   THELTON E. HENDERSON, JUDGE
                                   UNITED STATES DISTRICT COURT

The parties request the Court to make the foregoing order.

Attorney(s) for Plaintiff(s):                 Attorney(s) for Defendant(s):

_JOSEPH LUCIA_                                _Helen Lee Greenberg_
                                              _Lewis Prisbois_
_Eustace de Saint Phlle_

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C      -        TEH                    DATE:

_____ v. _____

EXHIBIT LIST

(    ) Plaintiff                                    (    ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | DESCRIPTION OF EXHIBIT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**United States District Court**
Northern District of California

TEH Order for Pretrial Preparation (Civil)                    9                    (Rev. 05/14)

Case No. _____     Case No. _____
**PLTF** Exhibit No. _____1_____     **DEFT** Exhibit No. _____A_____
Date Entered _____     Date Entered _____
Signature _____     Signature _____

Case No. _____     Case No. _____
**PLTF** Exhibit No. _____2_____     **DEFT** Exhibit No. _____B_____
Date Entered _____     Date Entered _____
Signature _____     Signature _____

Case No. _____     Case No. _____
**PLTF** Exhibit No. _____3_____     **DEFT** Exhibit No. _____C_____
Date Entered _____     Date Entered _____
Signature _____     Signature _____

Case No. _____     Case No. _____
**PLTF** Exhibit No. _____4_____     **DEFT** Exhibit No. _____D_____
Date Entered _____     Date Entered _____
Signature _____     Signature _____

Case No. _____     Case No. _____
**PLTF** Exhibit No. _____5_____     **DEFT** Exhibit No. _____E_____
Date Entered _____     Date Entered _____
Signature _____     Signature _____

Case No. _____     Case No. _____
**PLTF** Exhibit No. _____6_____     **DEFT** Exhibit No. _____F_____
Date Entered _____     Date Entered _____
Signature _____     Signature _____

**United States District Court**
Northern District of California