**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
HELEN LEE GREENBERG, SB# 230682
  E-Mail: Helen.Greenberg@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants BAY AREA RAPID TRANSIT DISTRICT; KENTON RAINEY, individually and in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; BENSON FAIROW, individually and in his official capacity as DEPUTY CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; MICHAEL MAES, individually and in his official capacity as DETECTIVE for BAY AREA RAPID TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE SMITH, individually; KELLIE SMITH, as personal representative of the Estate of THOMAS SMITH, JR., Decedent; and KELLIE SMITH, as Guardian Ad Litem for S.S., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT; KENTON RAINEY, individually and in his official capacity as CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; BENSON FAIROW individually and in his official capacity as DEPUTY CHIEF OF POLICE for BAY AREA RAPID TRANSIT DISTRICT; MICHAEL MAES individually and in his official capacity as DETECTIVE for | CASE NO. 3:15-cv-02402- TEH<br><br>**DECLARATION OF LANCE HAIGHT**<br><br>Action Filed:    May 29, 2015 |

BAY AREA RAPID TRANSIT DISTRICT;
and DOES 1 through 10, inclusive,

    Defendants.

# DECLARATION OF LANCE HAIGHT

1. I, Lance Haight, declare that I am employed as the Acting Deputy Chief, Professional Standards and Training, with the Bay Area Rapid Transit District Police Department ("BART"). If called as a witness, I could and would testify to the following facts which I know to be true based upon personal knowledge, except for those facts which I am informed and believe to be true.

2. In my capacity as the Acting Deputy Chief, I have the responsibility for maintaining, under my supervision, the internal affairs files and training records of police officers in the Department. I am familiar with the contents of those files in general, and I personally have reviewed the documents sought by plaintiffs in this action.

3. In addition to various privileges under the United States and California Constitutions and statutory and decisional law, BART has reached a decision to invoke the "Official Information Privilege," as described in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987), in regard to certain internal affairs investigation materials and BART police officer personnel files. The circumstances of BART's invocation of the Official Information Privilege are described herein.

4. In my experience as a police officer, as well as the Lieutenant in Charge of the Internal Affairs, officers understand and expect that information developed during the course of an investigation, and information contained in personnel files generally, will not be voluntarily disclosed by their employer.

5. I am obligated to honor the expectations of the Department's personnel to invoke all privileges under Federal and State statutory and decisional law. In this case, I hereby assert, based upon my information and belief, that the documents sought contained in the internal affairs files and training records in question are privileged under the Right to Privacy afforded by both the United States and California Constitutions, the Official Information Privilege under federal



decisional law, and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

6. The purpose of asserting these privileges is to maintain the privacy interests of the Department's personnel, and to assure the integrity of investigations, and the security of the files. Disclosure of the information gathered during an Internal Affairs Division investigation, and training records generally, can disrupt the vital, day-to-day operations of the Department; erode the integrity and security of the files; affect the morale of Departmental personnel; and frustrate the legitimate purpose of gathering the information in the files.

7. Public dissemination of personnel file information could threaten the privacy interests of Departmental personnel and of third parties.

8. BART collects and maintains the information and opinions contained in its personnel files, internal affairs reports and recommendations in the strictest confidence. BART does not routinely share information contained in internal affairs or other investigations, citizen complaint files, or information contained in personnel files, unless ordered to by a court of competent jurisdiction.

9. The information and opinions contained in materials at issue herein were gathered, reached, and maintained in confidence. To the best of my knowledge, the evidence and opinions collected have not been shared with any outside agencies other than providing information that is in the public domain such as a general summary of the facts including the date of incident, why officers were present and how the apartment was laid out.

10. I have personally reviewed the documents withheld that are the subject of this declaration and being sought by Plaintiffs in this action. These documents include, but are not necessarily limited to, the report prepared by BART's internal affairs division after their investigation of the incident that is the subject of this action; Peak Policing Strategies LLC's Report on the shooting of Det. Sergeant Thomas Smith; Det. Michael Maes' internal affairs file and training records; the training records of other members of BART's detective unit.

11. The documents should not be disclosed because release of these opinions and conclusions of BART's personnel would threaten BART's legitimate confidentiality and security

interests. Should the documents be produced, it would likely have a detrimental impact upon investigations performed by BART, which will also adversely impact the improvement of training and programs that result from appropriate investigations and conclusions.

12. Following the incident underlying the Plaintiffs' Complaint, BART undertook a detailed and thorough investigation of the facts and events pertaining to the incident. As part of this investigation, BART interviewed numerous BART personnel regarding their opinions and recommendation. While portions of the interviews were factual, much of these interviews contain the opinions, conclusions and recommendations of both the investigating personnel and BART personnel being interviewed. As a result, much of the interviews are evaluative summary and non-factual in nature.

13. Protection of the evaluative summaries and opinions of BART's personnel that are contained in the investigation and reports is critical in order to allow BART to continue to function in a manner that will allow thorough, accurate, and swift investigations of complaints and corrective decision-making intended to benefit BART and the community through continued improvement.

14. It is my belief that disclosure of investigative reports and recommendations will have a chilling effect on the willingness of witnesses to speak with interviewing and investigative personnel. BART requires complete and honest statements, and cannot risk that any information or opinions will be withheld for fear of being released in subsequent litigation. BART's personnel understand and expect that information developed during the course of an investigation, and information contained in personnel files generally, will not be voluntarily disclosed by BART. Disclosure of the information gathered during an internal affairs investigation, citizen complaints, and personnel file information generally, can disrupt the vital, day-to-day operations of BART; erode the integrity and security of the files; affect the morale of BART personnel; and frustrate the legitimate purpose of gathering the information in the files.

15. Disclosure of any internal affairs investigation would inhibit BART's ability to frankly engage in self-critical analysis. BART personnel are obligated to provide information during BART investigations. While BART personnel can invoke the same Fifth Amendment

rights as civilians, they are compelled to give a statement as part of the administrative investigation. They are told that such information will not be used against them in a criminal action and, if they fail to cooperate in the investigation, they are subject to discipline, up to and including termination from BART. It seems fundamentally unfair to allow discovery of statements which an officer is compelled under threat of termination to make, while there is no comparable statement required of a civilian. To the extent that such information is sought, obtained and used for purposes other than ensuring that BART adequately critiques itself, such as for this lawsuit, the ability of BART to conduct fair and thorough administrative investigations of personnel is, in my view, undermined and impaired.

16. I am informed and believe that Plaintiffs have already been provided the entirety of the evidence contained in the internal affairs investigation to the extent it reveals or evidences the facts of the incident and the identities of the individuals who were present. Plaintiffs have no legitimate need for the opinions, conclusions and recommendations of BART's investigators.

17. The use of a protective order in this litigation will not resolve the concerns discussed in this declaration. Protective orders are not failsafe. Even pursuant to a protective order, copies of the documents will still be removed from the confines of BART's highly secure and confidential system. Once removed, BART has no control over their whereabouts or dissemination. The documents could easily end up in the possession of unauthorized persons after their release. For example, multiple witnesses will be provided copies of the documents. Those witnesses may then provide the documents to others, and so on and so forth. Moreover, the documents will likely be used at trial which will expose them to view by any persons in the gallery, including media persons who will report the contents of those documents in mass publications. There is no special wording or crafting in such an order, of which I am aware, that will prevent the possible and even likely disclosure of the documents and/or their contents after their release from BART's secure holding.

18. The risk of occurrence for the harms cited in this declaration is great. In order to facilitate speedy, accurate internal affairs investigations that result in appropriate, correct conclusions, both the interviewing personnel and investigators need to know their conclusions,



4831-1727-3136.2  
5  
3:15-cv-02402- TEH  
DECLARATION OF LANCE HAIGHT

recommendations, and evaluative summaries will not be subject to dispensation in subsequent litigation.

19. Finally, I am informed and believe that Plaintiffs and/or their attorneys have already have had the full and complete opportunity through discovery to access the facts surrounding the incident, and therefore BART's invocation of the Official Information Privilege will not prevent them from presenting their case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 12, 2016, at OAKLAND, California.

_____
Declarant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE

**Case:** *Kellie Smith, et al. v. BART, et al. –*
<u>U.S.D.C., Northern District of California, Case No. 3:15-cv-02402-TEH</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 15, 2016, I served the following document(s): **DECLARATION OF LANCE HAIGHT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Eustace De Saint Phalle, Esq.<br>Joseph R. Lucia, Esq.<br>Rains Lucia Stern, PC<br>220 Montgomery Street, 15th Floor<br>San Francisco, CA 94104<br>    Tel: (415) 341-9341<br>    Fax: (925) 609-1690<br>    Email: Peronalinjurygroup@RLSlawyers.com | *Attorneys for Plaintiffs KELLIE SMITH, individually; KELLIE SMITH, as personal representative of the Estate of THOMAS SMITH, JR., Decedent; and KELLIE SMITH, as Guardian Ad Litem for S.S., a minor* |

The documents were served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 15, 2016, at Los Angeles, California.

                                    /s/ *Barry Hassenberg*
                                       BARRY HASSENBERG