**Pages 1 - 13**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline Scott Corley, Judge

```
KELLIE SMITH, individually;       )
KELLIE SMITH, as personal         )
representative of the Estate of   )
THOMAS SMITH, JR., Decedent;      )
and KELLIE SMITH, as Guardian     )
Ad Litem for S.S., a minor,       )
                                  )
          Plaintiffs,             )
                                  )
  VS.                             )    NO. C 15-02402 TEH (JSC)
                                  )
BAY AREA RAPID TRANSIT            )
DISTRICT; KENTON RAINEY,          )
individually and in his           )
official capacity as CHIEF OF     )
POLICE for BAY AREA RAPID         )
TRANSIT DISTRICT; BENSON FAIROW   )
individually and in his           )
official capacity as DEPUTY       )
CHIEF OF POLICE for BAY AREA      )
RAPID TRANSIT DISTRICT; MICHAEL   )
MAES individually and in his      )
official capacity as DETECTIVE    )
for BAY AREA RAPID TRANSIT        )
DISTRICT; and DOES 1 through      )
10, inclusive,                    )
                                  )
          Defendants.             )
                                  )
```

San Francisco, California
Friday, August 26, 2016

**TRANSCRIPT OF PROCEEDINGS**

Reported By: Lydia Zinn, CSR No. 9223, FCRR, Official Reporter

1  **APPEARANCES**:

2  For Plaintiffs:
3              Rains Lucia Stern, PC
               220 Montgomery Street, 15th Floor
               San Francisco, CA  94104
4              (925) 609-1699
               (925) 609-1690 (fax)
5         **BY:  JOSEPH ROCKNE LUCIA
               EUSTACE DE SAINT PHALLE**
6
   For Defendants:
7              Lewis Brisbois Bisgaard & Smith LLP
               650 Town Center Drive, Suite 1400
8              Costa Mesa, CA  92626
               (714) 545-9200
9              (714) 850-1030 (fax)
          **BY:  DANA ALDEN FOX**
10

11

12 **Also Present:  Steve Shatz
                    Kenton Rainey**

```
 1  Friday - August 26, 2016                              3:09 p.m.
 2                        P R O C E E D I N G S
 3                              ---oOo---
 4           THE CLERK:  Remain seated and come to order.
 5           MR. LUCIA:  Mr. Fox actually left the room.  We may
 6  need to wait for his return.
 7           THE COURT:  Ah, no.  We do need to wait for him.
 8           MR. DE SAINT PHALLE:  I'm happy to sit in for him if
 9  you'd like.
10           THE COURT:  You're ready to go?
11           MR. LUCIA:  I'll do it.
12           MR. SHATZ:  He's right outside, hopefully, to tell
13  his partner.
14  (Pause in proceedings.).
15           MR. LUCIA:  He's coming.
16           THE CLERK:  Okay.  Calling Civil Case 15-2402, Smith
17  versus Bay Area Rapid Transit District, et al.
18      Counsel, can you please come to the podiums and then state
19  your appearances?
20           MR. DE SAINT PHALLE:  Eustace De Saint Phalle, on
21  behalf of the plaintiffs.
22           MR. LUCIA:  Joseph Lucia, on behalf of the
23  plaintiffs.
24           MR. FOX:  Good afternoon, Your Honor.  Dana Fox, for
25  BART.
```

1     **THE COURT:**  Good afternoon.
2        All right.  So I have been with the parties since 9:30
3  this morning.  Again, I met with the parties all day -- I
4  believe it was August 8th.  And I have witnessed that the
5  parties have come to a resolution of the matter.
6        I'm going to recite what I believe the terms should be.
7  And then the attorneys should tell me if they have any
8  clarifications to that.  And then I'll ask Ms. Smith and
9  Mr. Shatz if they agree that this is a settlement they're
10 agreeing to.
11       The one thing I must say is the settlement is subject to
12 approval by the BART Board of Directors; but Chief Rainey,
13 Mr. Shatz, and Mr. Fox all agree that they will recommend that
14 the Board approve this settlement.  They make that
15 recommendation in good faith.
16       So first, BART agrees to pay the plaintiffs a total of
17 $3.1 million.
18       BART agrees that the settlement will have no effect on the
19 benefits Ms. Kellie or her daughter receives; that there shall
20 be no claim for reimbursement, subrogation, or credit.  This is
21 sort of the third, third-party claim.
22       BART agrees to meet and confer with the plaintiffs
23 regarding the policy.  And BART will provide a proposal to the
24 plaintiffs by September 30th, that the plaintiffs can then
25 comment on.

1     Each party will bear her or its own fees and costs.

2     Plaintiff agrees to a release other than -- not of the
3  claims I described above, including a Civil Code 1542 waiver.

4     And I believe Mr. Shatz said that it should be able to get
5  on the calendar by October 20th -- by the October 20th BART
6  meeting, if not before.

7     Oh, the other thing is the parties agree that the
8  plaintiffs will be looking into a possibility of an annuity.
9  And BART agrees to work with plaintiff in including that in the
10 settlement, and making payment in a way that facilitates the
11 payment of the minor's portion into an annuity.

12    All right.  Does any attorney -- are there any additions
13 or clarifications, or have I stated that accurately?

14            **MR. DE SAINT PHALLE:**  No.  I believe we covered
15 everything.

16    The only additional -- I guess we covered the issue of the
17 no credit, no asserting of liens, subrogation, or reduction in
18 benefits that are already being provided.

19    The other issue was that there is a lien, and that it was
20 agreed that during this period of time we would continue with
21 the settlement discussions, and bring the lienholder in, in
22 order to try to resolve those issues.

23            **THE COURT:**  Yeah.  BART and the Court --

24            **MR. DE SAINT PHALLE:**  Yes.

25            **THE COURT:**  -- agree to work with the plaintiff in

1   getting the lien negotiated down as low as possible.  And I
2   will continue to work with that.  And you should contact me
3   next week and give me the information so that I can begin to
4   make those calls.
5           **MR. DE SAINT PHALLE:**  Okay.  And is it agreeable that
6   we can -- does BART need to be involved in any of the initial
7   discussions with the Judge?
8       I just don't want there to be *ex parte* communications, or
9   anything.
10          **THE COURT:**  We're in settlement.  *Ex parte's* totally
11  fine.  That's what we've been doing all day.
12          **MR. DE SAINT PHALLE:**  Yeah.
13          **MR. FOX:**  Dana Fox, Your Honor.  If the question is
14  *Can the Court meet with plaintiffs' counsel separately without*
15  *us here, in terms of trying to negotiate the lien with the*
16  *lienholder?*, that's fine.  We have no objection.
17          **THE COURT:**  All right.  And I believe Mr. Fox told me
18  he will be as helpful as possible, and would be happy to tell
19  the lawyer for the lienholder.
20          **MR. DE SAINT PHALLE:**  I'm counting on it.
21          **MR. FOX:**  I'll be happy to help.
22      Your Honor, if I may add a couple of things.
23          **THE COURT:**  I think you should probably come to the
24  microphone.
25          **MR. FOX:**  I will.  May I meet with counsel one

1  second, Your Honor?
2      **THE COURT:**  Of course.
3  (Discussion off the record.)
4      **MR. FOX:**  All right.  Thanks.  Thank you, Your Honor.
5  Dana Fox, for BART.  A few other minor matters to add.
6      First, the settlement will be reduced to a written
7  Settlement Agreement to be signed by the parties.  I will order
8  a copy of this transcript, and attach it to the written
9  Settlement Agreement.  And to the extent should there be any
10 inconsistencies between the written Settlement Agreement and
11 the transcript of today's proceedings, the transcript of
12 today's proceedings will control.
13     I will draft the written Settlement Agreement, and send it
14 to plaintiffs' counsel.  It will not be complete when I send
15 it, because it will need to have language added with regard to
16 the structured portion of the settlement.  And I will work with
17 plaintiff and their broker, although really the work is to be
18 done by their structure broker, in adding the language that is
19 required for the protection of the plaintiffs.
20     Second, Your Honor, is we discussed and plaintiffs'
21 counsel and I will work on a joint media statement.  I have no
22 doubt, given the level of coöperation between counsel in this
23 case to this point, that we can work it out; but if not, we may
24 call the Court and avail the Court, if that's okay, of
25 assistance, if needed.

1    The other thing I don't think we've discussed is I think
2 the plaintiffs will have to petition the Court for a minor's
3 compromise.  And that hasn't been discussed, but that's up to
4 the plaintiffs.  I think they'll be able to do that once they
5 have the structured portion done.  They can work that out with
6 the Court, and seek a petition for approval.  That's up to
7 them.  We don't have to be involved in that.
8    That's all I have to add, Your Honor.
9         **MR. DE SAINT PHALLE:**  The only thing I would add as
10 to the joint media statement is that the parties will agree to
11 have a joint media statement to be put forward, and that the
12 parties will in good faith attempt to use that media statement
13 related to any inquiries.  My office will be doing some form of
14 disclosure just related to the legal journals as to the
15 settlement.
16         **MR. FOX:**  Thank you, Counsel.
17    My only question, Your Honor, is this; is timing.  We want
18 to --
19         **MR. DE SAINT PHALLE:**  We agreed that will not happen
20 until after Board approval.
21         **MR. FOX:**  Thank you.
22         **THE COURT:**  Board approval.
23         **MR. FOX:**  Thank you.  And so what I'll do is I'll
24 work with counsel.  We have some time, then, to come up with
25 this agreed-upon media statement.  My understanding -- and

```
 1   counsel can correct me if I'm wrong -- it will be short,
 2   concise, and -- and pretty simple, and not contain a great deal
 3   of information.
 4           MR. DE SAINT PHALLE:  Yes.  The media statement,
 5   though, that I believe we had spoken about is going to be
 6   somewhat different than what is used for the *Daily Journal* and
 7   VerdictSearch; being just that those are two totally different
 8   formats.
 9           MR. FOX:  Understood.  Thank you.  Thank you.
10       One second, Your Honor.
11           THE COURT:  One other thing I should add in terms of
12   timing is BART will not be able to cut the check until The
13   minor's compromise is approved by the Court.  So you probably
14   want to be ready to file that motion.
15       And, Ms. Smith, I so if you didn't know what a minor's
16   compromise is, it's just -- you're the guardian for your
17   daughter.  And because she's a minor, the Court actually has to
18   approve the settlement as to her.
19           MR. DE SAINT PHALLE:  Will the Court agree to have
20   the hearing -- will -- well, first, will the hearing be before
21   Your Honor?
22           THE COURT:  No.  The hearing would be before
23   Judge Henderson.
24           MR. DE SAINT PHALLE:  Okay.
25           THE COURT:  But it would be before Judge Henderson.
```

1         I suppose the parties could consent to have me do that.
2    We could put that in this record, and we can put it on the
3    docket.  It might be faster.
4            **MR. DE SAINT PHALLE:**  I'd be more than happy to do
5    that, if that's okay with everybody else.
6            **MR. FOX:**  We will consent, Your Honor.
7            **THE COURT:**  Okay.  All right.
8            **MR. DE SAINT PHALLE:**  And then my hope would be that
9    we could have that minor's-compromise hearing happen the week
10   following.
11           **THE COURT:**  We could have it immediately.  You could
12   just contact Ms. Means.  We wouldn't even have to have a
13   hearing, you know.  I could just do it on the papers.
14           **MR. DE SAINT PHALLE:**  Okay.  Great.
15           **THE COURT:**  I'm -- right.
16           **MR. FOX:**  Your Honor, two last things.
17      In terms of the media disclosure statement, can counsel
18   agree that that will hold off being released or done until
19   after we've made the settlement payment?
20           **MR. DE SAINT PHALLE:**  Yes.
21           **MR. FOX:**  Okay.  You started to say something that --
22      I should have written it down.  There was something else,
23   Your Honor.
24           **THE COURT:**  Steve had -- was that what Steve had said
25   to you?

1         **MR. FOX:**  Yeah.  We were wondering about the timing
2  of that.  That's that.
3      There was one other thing.  Oh, I know what it was.  Two
4  important things.  We have a set date for hearing of a
5  summary-judgment motion, Your Honor; and we have a set trial
6  date.  So I want to ask the Court what the Court wants to do
7  with those.
8         **THE COURT:**  The Court will notify Judge Henderson
9  that the case has settled, subject to BART approval.  And I
10 will recommend that he vacate all dates, and that he set a
11 C.M.C., maybe, for the end of November, with the hope that the
12 case will be dismissed by that time.
13        **MR. FOX:**  Or maybe early December.
14        **THE COURT:**  Or early December.
15        **MR. LUCIA:**  Your Honor, there are also pending
16 discovery matters with Judge Laporte.
17        **THE COURT:**  Yeah.  So she'll -- what happened is
18 we'll do a docket entry that says the case settled, subject to
19 BART approval.  They'll all get notice of that; but I'll make
20 sure I send her an e-mail, as well.  I'm sure she'll be happy
21 about that.
22        **MR. LUCIA:**  Thank you, Your Honor.
23        **THE COURT:**  All right.  So, Ms. Smith, if I can have
24 you come forward.  And, as I said before, I want to thank you
25 again, as does everyone here, for your courtesy.  And we're all

1  so sorry for your loss, and just so admire how you've behaved
2  here, how you've represented yourself and your daughter and
3  Tommy in this litigation.  We all admire you a great, great
4  bit.
5           **MS. SMITH:**  Thank you, Your Honor.
6           **THE COURT:**  And now, having heard the terms of the
7  settlement set forth, I guess my first question is:  Are you
8  fully satisfied with the legal representation that you have
9  received throughout this matter?
10          **MS. SMITH:**  I am, Your Honor.
11          **THE COURT:**  And, having heard these terms, and having
12 had time to discuss them with your counsel, do you agree that
13 you, on behalf of yourself and your daughter, agree to the
14 settlement?
15          **MS. SMITH:**  I do, Your Honor.
16          **THE COURT:**  All right.  Thank you.
17          **MS. SMITH:**  Thank you.
18          **THE COURT:**  And, Mr. Shatz, you, too, have had legal
19 representation throughout these proceedings.  And on behalf of
20 BART, are you satisfied with the representation you have
21 received?
22          **MR. SHATZ:**  BART is satisfied, yes.
23          **THE COURT:**  And can you represent that you, and on
24 behalf of the chief, as well -- that you two both will
25 recommend in good faith and urge the BART Board of Directors to

```
 1  approve this settlement?
 2          MR. SHATZ:  We will, Your Honor.
 3          THE COURT:  All right.  Thank you very much.
 4          MR. SHATZ:  Thank you.
 5          THE COURT:  All right.  That concludes these
 6  proceedings, but you should get hold of me next week -- I'm
 7  going to be out until through Wednesday -- about working on
 8  that lien.  And again --
 9          MR. DE SAINT PHALLE:  Yes, I will get in touch with
10  you.  I'm actually in trial through next week.  It may be the
11  following Monday; or Joe, maybe, can call Thursday or Friday.
12          THE COURT:  That's fine.
13          MR. FOX:  One last request, Your Honor.  The Court
14  will retain jurisdiction for the purposes of enforcing the
15  settlement, if necessary.
16          THE COURT:  Yes, I can do that, as well.  Since the
17  parties have consented to my jurisdiction, then I will do that.
18  And then I will also tell Judge Henderson that I'll do the
19  approval of the minor's compromise, and that we have it on the
20  record that the parties have consented to my jurisdiction for
21  that, as well.
22          MR. FOX:  Is that good with the plaintiffs?
23          MR. DE SAINT PHALLE:  Yes.
24          THE COURT:  Thank you so much.
25       (At 3:21 p.m. the proceedings were adjourned.)
```

1  I certify that the foregoing is a correct transcript from the
2  record of proceedings in the above-entitled matter.
3
4  *Lydia Zinn*
5  _____   October 26, 2016
   Signature of Court Reporter/Transcriber   Date
6  Lydia Zinn
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25